UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| **NICHOLAS B.,** | § | |
| Plaintiff, | § | |
| v. | § | NO. EP-23-CV-00120-LS |
| **COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION,**[1] | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Plaintiff appeals the denial of his application for disability insurance benefits. I **AFFIRM** the Commissioner's decision.

**I.      Facts and Proceedings.**

Plaintiff alleges he became disabled on November 1, 2020[2] because of a "Heart Condition, Diabetes, and Hypertension."[3] An SSA Administrative Law Judge ("ALJ") held a hearing on August 12, 2022 and heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE").[4] In an opinion dated August 24, 2022, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act.[5] The Appeals Council denied his request for review on February 8, 2023, making the decision of the ALJ the final decision of the Commissioner.[6] Plaintiff argues in this appeal that the ALJ erred in generating his conclusions about Plaintiff's physical limitations.

---

[1] "SSA."
[2] R:232.
[3] R:259.
[4] R:61-79.
[5] R:23-33.
[6] R:4-6.

## II. Discussion.

### A. Legal Standards.

Judicial review of the Commissioner's decision is limited to two inquiries: (1) whether the decision is supported by substantial evidence on the record as a whole; and (2) whether the Commissioner applied the proper legal standard.[7] Substantial evidence "is more than a mere scintilla and less than a preponderance."[8] The Commissioner's findings will be upheld if supported by substantial evidence.[9] In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work.[10]

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical evidence; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's age, education, and work history.[11] A court cannot, however, reweigh the evidence, try the issues *de novo*, or substitute its judgment for the Commissioner's.[12] The Commissioner, not the courts, must resolve conflicts in the evidence.[13] Finally, even if there is error at the ALJ level, remand to

---

[7] *Copeland v. Colvin*, 771 F.3d 920, 923 (5th Cir. 2014) (quoting *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005)).
[8] *Hill v. Berryhill*, 718 F. App'x 250, 253-54 (5th Cir. 2018) (quoting *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th 2002)).
[9] *Masterson*, 309 F.3d at 272.
[10] 20 C.F.R. §§ 404.1520; *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).
[11] *Perez*, 415 F.3d at 462.
[12] *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000).
[13] *Id*.

the SSA is warranted only if the error was harmful.[14] The Plaintiff's burden is to show that the ALJ's "error was prejudicial."[15]

### B. Residual Functional Capacity.

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations.[16] The responsibility for determining a claimant's RFC belongs to the ALJ.[17] The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record.[18] The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms.[19] An RFC finding is used to determine if the claimant can still do his or her past jobs.[20] If the claimant cannot, the RFC is then used to determine whether the claimant can do other jobs in the national economy.[21]

### C. The ALJ's Findings.

In this case, the ALJ found that Plaintiff had the following severe impairments: "cardiomyopathy; coronary artery disease with status post coronary artery bypass grafting; chronic heart failure; hypertension; left shoulder degenerative joint disease; degenerative disc disease of the lumbar spine; diabetes; and obesity."[22] They were not, however, individually or in combination severe enough to meet or equal an impairment listed in the appendix to the regulations.[23] The ALJ

---

[14] *Miller v. Kijakazi*, 2023 U.S. App. LEXIS 1118, at *8 (5th Cir. Jan. 18, 2023), citing *Shinseki v. Sanders*, 556 U.S. 396, 407-08, 129 S. Ct. 1696, 173 L. Ed. 2d 532 (2009).
[15] *Id.*, citing *Jones v. Astrue*, 691 F.3d 730, 734 (5th Cir. 2012) (footnote omitted).
[16] 20 C.F.R. § 404.1545(a)(1).
[17] *Id.* at § 404.1546(c); *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995).
[18] *Perez*, 415 F.3d at 461-62.
[19] *See* 20 C.F.R. §§ 404.1529(d)(4), 404.1545(a)(2).
[20] *Perez*, 415 F.3d at 462; 20 C.F.R. § 404.1520(e).
[21] *Id.*
[22] R:25-26.
[23] R:26-27.

found that Plaintiff can perform light work with delineated physical restrictions.[24] Although the ALJ found that Plaintiff could not perform his prior plumbing jobs,[25] "there were jobs that existed in significant numbers in the national economy that the [Plaintiff] could have performed."[26] Accordingly, the ALJ found Plaintiff not disabled and not entitled to disability insurance benefits.[27]

### D. The ALJ's RFC determination is supported by substantial evidence.

Plaintiff sole argument is that the ALJ erred because he failed to base his RFC determination on medical evidence.[28] It is the responsibility of the ALJ to interpret the medical evidence to determine Plaintiff's capacity for work.[29] The ALJ in this case meticulously traced Plaintiff's medical history from his October 2020 heart surgery[30] through the date of his hearing in this case. The ALJ explained that Plaintiff's November 2020 records show that he "did well after surgery" and was prescribed heart and diabetes medication upon discharge.[31] The ALJ noted that in December 2020 two physical examinations resulted in generally normal cardiovascular and musculoskeletal findings.[32] The ALJ also noted normal heart and musculoskeletal findings in April 2021[33] and again in August 2021.[34] Plaintiff's February 2022 medical exam reflected normal cardiovascular findings except "benign hypertension" for which medication was prescribed.[35] Notwithstanding these generally normal post-surgical cardiovascular findings, the ALJ took into

---

[24] R:27-31.
[25] R:31.
[26] R:32.
[27] R:33.
[28] Doc. No. 10, at 9.
[29] *Fontenot v. Colvin*, 661 F. App'x 274, 277 (5th Cir. 2016).
[30] R:409.
[31] R:28, citing R:379.
[32] R:29, citing R:510-11 and R:556.
[33] *Id.*, citing R:527.
[34] *Id.*, citing R:620-21.
[35] *Id.*, citing 654-55.

account Plaintiff's cardiovascular history and generated an RFC with restrictions about exposure to temperature, humidity, and irritants.[36]

The ALJ also evaluated Plaintiff's medical records showing spine and shoulder problems. He referenced Plaintiff's February 2022 medical records reflecting a pain level at 0/10 with conservative treatment in the form of medication for symptomatic relief.[37] To account for Plaintiff's spine and shoulder problems, the ALJ generated an RFC that restricted Plaintiff to lifting and/or carrying twenty pounds occasionally and ten pounds frequently; standing, walking, and sitting six hours out of an eight hour workday; along with further restrictions on stooping, kneeling, crouching, crawling, climbing, and reaching.[38] I note that the ALJ's RFC is more physically restrictive than what a consulting physician prescribed.[39]

Given the ALJ's reliance on the clinical findings explained above and his generation of an RFC that accounted for Plaintiff's cardiovascular history and his spine and shoulder problems, there was no error in the ALJ's generation of Plaintiff's RFC. Substantial evidence supports the ALJ's determination and I find no legal error. Accordingly, the Commissioner's decision is **AFFIRMED.**

**SIGNED** and **ENTERED** March 31, 2024.

                                    **LEON SCHYDLOWER**
                                    **UNITED STATES DISTRICT JUDGE**

---

[36] R:27, 30.
[37] R:30, citing R:654-55.
[38] R:27, 30.
[39] *See* R:86-87 (less restrictive lifting and carrying limitations and no postural, pushing, pulling, or environmental limitations).